**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul M. Hoffenberg, | No. CV-08-08164-PCT-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| United States of America; United States Forest Service, | |
| Defendants. | |

The court has before it plaintiff Paul Hoffenberg's motion for partial summary judgment (doc 25), defendant the United States' response (doc. 29), and plaintiff's reply (doc. 32). We also have before us defendant's motion for summary judgment (doc. 35), plaintiff's response (doc. 39), and defendant's reply (doc. 41). Finally, we have before us plaintiff's motion to strike Exhibits A and B to defendant's reply (doc. 43), and defendant's response (doc. 44). Plaintiff's time to reply has not run.

In our Order of May 14, 2010 (doc. 38), we granted the parties' stipulation to extend the briefing schedule and advised them that it could not affect the timing of our decision. Because of the timing of plaintiff's motion to strike, and because consideration of the exhibits in question would not affect our decision, we will decide the motion without a reply and deny it as moot.

**I**

In 1994, plaintiff purchased about thirty-two acres of land in Yavapai County northwest of Oak Creek and a few miles south of Sedona, Arizona. Plaintiff seeks access to his property in order to develop a residential subdivision. The Coconino National Forest borders the property on the west, north, and east. The Rancho Chavez subdivision, which was platted in the 1950s, borders it on the south. Chavez Ranch Road provides access to the subdivision from the west. It runs along the south edge of the subdivision and ends after entering the national forest to the east of plaintiff's property. Before Chavez Ranch Road ends, Hilltop Road branches off and runs north across a two-acre parcel. Plaintiff also owns this parcel, the northwestern corner of which overlaps the southeastern corner of his main parcel by about seventeen feet. Hilltop Road enters the national forest about seventy feet from the overlapping corners, bends west, and enters plaintiff's main parcel. Thus, the road providing access to plaintiff's main parcel since the 1950s crosses about 150 feet of national forest land.

In 1973, defendant patented the main parcel, along with an additional eight acres, to plaintiff's predecessor in interest without access. Defendant concedes that the highest and best use of the land at the time was residential development and investment. Response at 2. It also "asserts that access to the Main Parcel via Chavez Ranch Road requires crossing a small portion of federal land on Hilltop Road." DRSOF ¶ 4.

In June 2006, plaintiff submitted a proposal to the Forest Service for a permit to use and improve the portion of Hilltop Road in the national forest. Several months later, a Yavapai County official told him that the portion of Chavez Ranch Road in the Rancho Chavez subdivision was not a public right-of-way because the county abandoned a dedicated right-of-way in 1959. Tr., Ex. 17 at 2. He was also told that Chavez Ranch Road would need improvements to meet county standards, but that he could seek waivers. Id. Based on this information, plaintiff amended his proposal in December 2006. Instead of seeking authorization to use Hilltop Road, he requested a permit to build about one mile of new road across the national forest to access his main parcel from the west. This road would extend

an old road which branches off from Chavez Ranch Road west of the Rancho Chavez subdivision.

After a delay, and the filing of a complaint in this court, the Forest Service rejected plaintiff's proposal in December 2008. The Forest Supervisor decided that plaintiff's proposed road would not meet the permit criteria, which limit authorization to "modes of access that are needed for the reasonable use and enjoyment of the land," based on similarly situated land, and "that minimize the impacts on the Federal resources." 36 C.F.R. § 251.114(a). She concluded that the negative impact of a road across an undeveloped area of national forest would be unreasonable "when an existing roadway was in place at the time [plaintiff] acquired the parcel, is still in existence, is currently being used as access to the parcel, and is the same type of access adjacent residential properties have in this area." Tr., Ex. 35 at 2. She also said, "The Forest Service is willing to consider expansion of existing forest roads in this area in order to allow some level of improved access to this private parcel." Id.

Plaintiff appealed this decision, which was upheld on the merits initially. On discretionary review, however, the Chief of the Forest Service determined that plaintiff lacked standing to appeal because his application was not "in response to a prospectus or written solicitation or other notice by the Forest Service." 36 C.F.R. § 251.86(a). Plaintiff's appeal was dismissed, and the Forest Supervisor's decision became final.

Plaintiff alleges violations of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, and the Takings Clause of the Fifth Amendment. He also seeks to quiet title to an easement by necessity under 28 U.S.C. § 2409a, and to apply collateral estoppel based on the decision in Tobias v. United States, No. CV-00-1107-PCT-MHM. In Tobias, a landowner with property half a mile from plaintiff's quieted title to an easement by necessity where defendant conveyed a parcel, which was best suited for residential development or investment, without access in 1968 and denied the landowner's request for access. PSOF, Ex. J (copy of an otherwise unavailable order).

Defendant moves for summary judgment on all claims. Plaintiff moves for partial

summary judgment to establish several issues. We will consider these issues in the context of defendant's motion.

**II**

Plaintiff challenges defendant's administrative actions under two APA provisions. First, he seeks to compel a decision "unreasonably delayed." 5 U.S.C. § 706(1). Because plaintiff received a final decision on his proposal, there is nothing left to compel. This claim is moot. Second, plaintiff contends that the Forest Supervisor's decision did not comply with 36 C.F.R. § 251.114(a), which, as described above, establishes guidelines for evaluating certain access permits. We may only set aside final agency action if, on highly deferential review of the record before the agency, it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); Nw. Ecosystem Alliance v. U.S. Fish & Wildlife Serv., 475 F.3d 1136, 1140 (9th Cir. 2007).

Defendant primarily analyzes the Chief of the Forest Service's conclusion that plaintiff lacked standing to appeal, which is not the subject of plaintiff's APA claim. It correctly points out, however, that plaintiff all but abandons his APA claim by failing to address it in his response. In any event, the Forest Supervisor's decision to reject plaintiff's proposal to build a new road complied with 36 C.F.R. § 251.114(a). Plaintiff argues, as he did before the agency, that a new road from the west is necessary for the reasonable use and enjoyment of his land because Chavez Ranch Road does not provide a public right-of-way through the Rancho Chavez subdivision. He bases this argument on the actions of the Board of Supervisors of Yavapai County in the 1950s.

In July 1958, a plat map was recorded for the Rancho Chavez subdivision. Tr., Ex. 1 at 1. It dedicated the roads shown, including Chavez Ranch Road, to the public. On February 16, 1959, the board abandoned the roads shown on the 1958 map and approved a revised plat map, which again dedicated the roads shown to the public. Tr., Ex. 2 at 1-2. The revised plat map was recorded the same day. A copy of the 1958 map announcing that the roads shown on it had been abandoned was recorded in March 1959. Id. at 2.

As defendant explains, the board only abandoned the roads as shown on the 1958

map, and it did so to make way for the revised map, which dedicates Chavez Ranch Road to the public. Plaintiff attempts to cast doubt on the sequence of these events by pointing out that the revised map contains a February 16, 1958 date as well as a handwritten February 16, 1959 filing date. The difference is likely due to an outdated year stamp. In any case, the board did not approve the revised map five months before it approved the original map in July 1958. Plaintiff cannot show that a new road from the west is necessary based on the legal status of Chavez Ranch Road.

Plaintiff also maintains that his proposed road is necessary because Chavez Ranch Road is otherwise impractical based on its elevation changes, turns, and surface. Much of this evidence was not before the agency, and none of it is persuasive. Because the Forest Supervisor's conclusion that a new road was not "needed" within the meaning of 36 C.F.R. § 251.114(a) was not arbitrary, capricious, or contrary to law, we grant defendant's motion for summary judgment on plaintiff's APA claims.

**III**

Plaintiff also claims that defendant's refusal to grant him access denies him any economically viable use of his land and violates the Fifth Amendment, which requires just compensation when private property is taken for public use. U.S. Const. amend. V. Defendant asserts that any compensation claim plaintiff may have under the Fifth Amendment would exceed $10,000.00. Therefore, it would generally have to be filed in the Court of Federal Claims and not this court. See McGuire v. United States, 550 F.3d 903, 910-11 (9th Cir. 2008) (discussing the granting of jurisdiction and limited waiver of defendant's sovereign immunity under the Tucker Act, 28 U.S.C. § 1491(a)(1), and the Little Tucker Act, 28 U.S.C. § 1346(a)(2)). In response, plaintiff represents that he seeks only declaratory relief.

The taking of private property for public use without just compensation violates the Fifth Amendment. Landowners in plaintiff's position may not seek declaratory relief in lieu of compensation. See Bay View, Inc. ex rel. AK Native Vill. Corps. v. AHTNA, Inc., 105 F.3d 1281, 1286 n.6 (9th Cir. 1997) ("[N]either injunctive nor declaratory relief is available

for a takings claim against the United States."). Because, "we have no jurisdiction to address the merits of takings claims where Congress has provided a means for paying compensation for any taking that might have occurred," id. at 1285, we dismiss plaintiff's takings claim for lack of subject matter jurisdiction.

**IV**

Next, plaintiff claims title to an easement by necessity under the Quiet Title Act, 28 U.S.C. § 2409a, which waives defendant's sovereign immunity for certain claims involving real property. We have exclusive original jurisdiction. 28 U.S.C. § 1346(f). Defendant concedes that it is subject to the common law of easements by necessity. Such an easement is created when: "(1) the title to two parcels of land was held by a single owner; (2) the unity of title was severed by a conveyance of one of the parcels; and (3) at the time of severance, the easement was necessary for the owner of the severed parcel to use his property." Fitzgerald Living Trust v. United States, 460 F.3d 1259, 1266 (9th Cir. 2006). The ability to access a public road over a third party's property will not defeat an easement by necessity, but the end of the necessity ends the easement. Id.

Defendant severed the unity of title between plaintiff's main parcel and the adjacent national forest land by conveying the parcel to his predecessor in interest in 1973. It did so without granting access to a public road.[1] Automobile access was and is necessary to use the main parcel, which has been best suited for residential development and investment since the time of severance. Although the allegations in his complaint encompass quieting title to an easement by necessity across Hilltop Road, plaintiff primarily contends that he requires a

---

[1] A 1971 appraisal report, apparently used during the conveyance, said that the main parcel could be reached from State Highway 179 and Forest Development Road 623. Tr., Exs. 4-5. State Highway 179 is east of Oak Creek and did not connect with the relevant portion of Forest Development Road 623, which is Chavez Ranch Road. Moreover, no portion of Forest Development Road 623 ran to the main parcel. Without crossing a third party's property, access was possible by crossing national forest land from the end of Chavez Ranch Road or from the west. Today, access is possible over Hilltop Road without crossing a third party's property.

- 6 -

new road from the west.

**A**

Defendant moves for summary judgment on a statute of limitations defense. The Quiet Title Act provides a twelve-year limitations period for private plaintiffs. 28 U.S.C. § 2409a(g). As an initial matter, plaintiff contends that collateral estoppel should apply and prevent defendant from re-litigating when an action accrues under the Quiet Title Act, an issue which arose in the Tobias case. The parties dispute whether nonmutual offensive collateral estoppel is ever available against the United States. See United States v. Mendoza, 464 U.S. 154, 162, 104 S. Ct. 568, 573 (1984) (holding the doctrine inapplicable against the United States); United States v. Alaska, 521 U.S. 1, 13, 117 S. Ct. 1888, 1896 (1997) (discussing "the rule that the doctrine of nonmutual collateral estoppel is generally unavailable in litigation against the United States" and declining to develop an exception). In any event, we conclude that application of the doctrine to a threshold issue in a statute waiving defendant's sovereign immunity is unwarranted because it "would substantially thwart development of important questions of law." Mendoza, 464 U.S. at 160, 104 S. Ct. at 572.

Quiet Title Act claims accrue "on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." 28 U.S.C. § 2409a(g). In the context of an easement, however, knowledge of the United States' claim of ownership is insufficient because fee ownership of the land "may be entirely consistent with a plaintiff's claim." Michel v. United States, 65 F.3d 130, 132 (9th Cir. 1995). Thus, a claim for an easement accrues when the United States denies or limits the use of an access road adversely to a plaintiff. Id.

Defendant contends that plaintiff was aware of potential access problems when he purchased the property in 1994. Earlier in the year, his predecessors in interest granted an easement in favor of an adjacent private parcel across the portions of Hilltop Road on plaintiff's parcels. Tr., Ex. 10. They also granted an easement across the overlapping corners of his parcels contingent on the obstruction or denial of access across the Hilltop

1    Road easement. Id. at 4-5. While these easements show that plaintiff and his predecessors
2    in interest knew defendant owned a portion of Hilltop Road, this knowledge did not give rise
3    to a Quiet Title Act claim because defendant itself asserts that it has never denied access
4    across Hilltop Road.

5    Defendant also argues that plaintiff's claim is stale insofar as he claims an easement
6    by necessity across a new road from the west because he and his predecessors in interest
7    should have known that it would not allow access other than across Hilltop Road. Defendant
8    does not contend, however, that it has ever authorized access across Hilltop Road. Other
9    than the Forest Supervisor's decision in December 2008, defendant does not offer evidence
10   of any action adverse to someone's access to the main parcel. Therefore, we deny its motion
11   for summary judgment on statute of limitations grounds.

**B**

13   Defendant also moves for summary judgment based on plaintiff's inability to show
14   that an easement is currently necessary. First, defendant contends that an easement is not
15   necessary because access to Chavez Ranch Road is possible across the seventeen-foot
16   overlap at the corners of plaintiff's parcels. This contention is foreclosed by defendant's
17   assertion "that access to the Main Parcel via Chavez Ranch Road requires crossing a small
18   portion of federal land on Hilltop Road." DRSOF ¶ 4. Moreover, though it need not be
19   convenient, an alternative access route must be sufficient to defeat an easement by necessity.
20   McFarland v. Kempthorne, 545 F.3d 1106, 1111 (9th Cir. 2008). There is no evidence in the
21   record that suggests the narrow gap in question would provide adequate access to a large
22   parcel best suited for residential development and investment.

23   Second, defendant raises the effect of statutory rights of access available to plaintiff,
24   such as through the Federal Land Policy Management Act ("FLPMA"), 43 U.S.C. §§ 1701-
25   1785. The FLPMA and the Alaska National Interest Lands Conservation Act ("ANILCA"),
26   16 U.S.C. § 3210(a), which grant national access rights, were formerly interpreted to have
27   preempted the common law of easements where, as here, the United States owns the servient
28   estate for the benefit of the public. See Adams v. United States, 255 F.3d 787, 794 (9th Cir.

2001) (restating the holding in Adams v. United States, 3 F.3d 1254 (9th Cir. 1993)). In deference to federal regulations recognizing common law access rights, however, the prevailing view is that access statutes do not broadly preempt the common law of easements. See Skranak v. Castenada, 425 F.3d 1213, 1219-20 (9th Cir. 2005) (interpreting the ANILCA). Nevertheless, the existence of statutory rights of access defeats the present necessity required for an easement by necessity. Fitzgerald, 460 F.3d at 1267 (citing United States v. Jenks, 129 F.3d 1348 (10th Cir. 1997)). For example, the plaintiffs in Fitzgerald did not have an easement by necessity where they were offered an FLPMA easement to access their ranch over a forest development road. Id. If a plaintiff is denied an adequate statutory right of access, he may have a claim for an easement by necessity. Jenks, 129 F.3d at 1354; see McFarland, 545 F.3d at 1111 (analyzing the existence of an easement by necessity while upholding the United States' denial of a statutory right of access).

In this case, plaintiff's claim for an easement by necessity is premature because defendant is holding out the availability of an adequate statutory right of access. Like the plaintiffs in Fitzgerald, who were offered adequate access, plaintiff was told by the Forest Supervisor that his proposal for a new road was denied, in part, because access across Hilltop Road was available and that she was willing to consider expanding existing forest roads. Tr., Ex. 35 at 2. For all of the reasons discussed above in the context of plaintiff's APA claims, access across Hilltop Road would be adequate under the common law of easements by necessity. Unlike the plaintiffs in Tobias, who were denied adequate access by the United States, plaintiff has not been denied access across Hilltop Road. Indeed, given the Forest Supervisor's decision and defendant's assertions in this case, we would fully expect defendant to expeditiously grant authorization for plaintiff to use and improve Hilltop Road, should he request it. Were defendant to deny such a request, plaintiff would have a ripe claim for an easement by necessity. The doctrine of judicial estoppel would also bar defendant from unfairly taking any inconsistent position in a future judicial proceeding. See New Hampshire v. Maine, 532 U.S. 742, 749-50, 121 S. Ct. 1808, 1814 (2001). Accordingly, while defendant is not entitled to summary judgment, we dismiss plaintiff's

Quiet Title Act claim without prejudice as premature.

**IT IS THEREFORE ORDERED DENYING** plaintiff's motion for partial summary judgment (doc. 25). **IT IS FURTHER ORDERED GRANTING IN PART** and **DENYING IN PART** the United States' motion for summary judgment (doc. 35). **IT IS FURTHER ORDERED DENYING** plaintiff's motion to strike as moot (doc. 43).

Summary judgment is granted in favor of the United States and against plaintiff on plaintiff's Administrative Procedure Act claims. Plaintiff's takings claim is dismissed without prejudice for lack of subject matter jurisdiction. And plaintiff's Quiet Title Act claim is dismissed without prejudice as premature.

The clerk shall enter final judgment in favor of the United States and against plaintiff.

The trial set for September 14, 2010 is vacated.

DATED this 5th day of August, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 10 -